WM. JAMES *v.* J. & W. F. KUYKENDALL.

**Adverse Possession—Elder Patent.**

Where the evidence shows that a survey was made of a portion of lands, held under a prior patent, possession taken and entry made, this con-stitutes an adverse holding which can not be defeated.

APPEAL FROM WEBSTER CIRCUIT COURT.

March 5, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The evidence shows conclusively that within one or two years after Holeman procured his patent, which covers the land in controversy, by a parol agreement, the surveyor of Union county went on the land and surveyed and set apart 25 acres, part of the land patented to Holeman, to Mrs. C. James, that was done according to the evidence of Pearson, who made the survey as early as 1842, and Mrs. James was then in possession of the land,

claiming it as her own, which she continued to do till 1853 when she sold it to appellee, and executed to him a bond for a conveyance, describing the land by metes and bounds. The execution of the bond is proved by the surviving witness, who proves that the other subscribing witness and draftsman of the bond was dead.

Appellee took possession and seems to have retained it, except that appellant, in 1854, got possession of it, or a part of it, and appellee then brought a warrant of forcible entry and detainer against him, and finally succeeded, in the circuit court, on a traverse of the inquisition in gaining the possession, which he then seems to have retained continuously till 1866. When appellant brought an action of trespass against William F. Kuykendall, alleging that he was in the possession of the land and that the defendant had entered upon said land, cut the corn stalks and plowed it up, and prayed damages for the wrongful entry. To that action no defense was made and a judgment was rendered against said W. F. Kuykendall for the recovery of the land. It appears from the weight of the evidence, even if the petition authorized the judgment, that the defendant was not in the possession either as tenant of appellee, or otherwise, and the judgment could not effect his rights. Prior to the commencement of this last named action, appellee and those under whom he claimed, had been in possession long enough to have acquired possessory title paramount to that under which appellant claims.

Moreover it is clearly shown by the proof that when the conveyance was made to appellant, the land was adversely held, as it was when it was conveyed to Lynn, his vendor, and consequently the title did not pass to him.

Wherefore the judgment is affirmed.

*Rodman & McElroy, for appellant.*
*Givens, for appellees.*